# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MICHAEL MESSER,**
**Claimant Below, Petitioner**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0853** (BOR Appeal No. 2051935)
(Claim No. 2016017470)

**COAL MAC/ARCH COAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Messer, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Coal Mac/Arch Coal, by Jeffrey M. Carder, its attorney, filed a timely response.

The issue on appeal concerns a request to add additional diagnoses to the claim, as well as additional temporary total disability benefits. This appeal arises from the Board of Review's Final Order dated August 23, 2017, in which the Board affirmed an April 13, 2017, Final Decision of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's Orders dated May 18, 2016, and October 19, 2016. In its Order dated May 18, 2016, the claims administrator closed the claim for temporary total disability benefits. In its Order dated October 19, 2016, the claims administrator denied Mr. Messer's request to add low back pain, lumbar spinal stenosis, spondylosis of the lumbar spine, and neck pain as compensable diagnoses. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the injury at issue on appeal, Mr. Messer filed a workers' compensation claim in 2015, Claim No. 555-185086, for an injury to his left knee and low back sustained on April 24, 2015. The claim was held compensable for left knee pain, lumbago, and lumbar radiculopathy.

1

An MRI dated September 22, 2015, revealed moderate spinal stenosis at the L4-L5 level resulting in nerve encroachment and disc bulging at L3-L4. Brian Francis, M.D., diagnosed Mr. Messer with low back pain, lumbar spinal stenosis, and spondylosis of the lumbar spine. Mr. Messer declined surgery and sought physical therapy with Brookeview Physical Therapy, as well as treatment with a chiropractor.

On January 5, 2016, Mr. Messer sustained a compensable injury to his cervical, thoracic, and lumbar spine after being jarred while operating heavy machinery. On the date of injury, Mr. Messer sought treatment with Alberto Fernandez, M.D., of Williamson Memorial Hospital. Dr. Fernandez diagnosed Mr. Messer with "severe sprain of neck and back." Dr. Fernandez excused Mr. Messer from work until January 8, 2016, and ordered an MRI. Dr. Fernandez also referred Mr. Messer to Anthony Alberico, M.D., a neurosurgeon. The claims administrator held the claim compensable for cervical sprain/strain, thoracic sprain/strain, and lumbar sprain/strain in an Order dated January 22, 2016. In a separate Order dated January 25, 2016, the claims administrator approved the request for a referral to a neuro specialist.

On February 5, 2016, Mr. Messer attended an examination with Dr. Alberico in Huntington, West Virginia. Dr. Alberico noted that Mr. Messer "had an accident on April 16, 2015, at which time he slipped and fell which is when the patient's symptoms originally initiated. He maintains that he had none of these symptoms prior to the accident." Dr. Alberico reviewed the lumbar MRI taken on September 22, 2015, in Claim No. 555-185086, noting that it "shows a fairly severe stenosis at L4-L5 with lateral recess stenosis." Dr. Alberico also reviewed Mr. Messer's cervical CT scan taken at Williamson Memorial Hospital on January 5, 2016, which noted cervical spondylosis, most pronounced at C5-C6 and C6-C7. Dr. Alberico discussed the possibility of anterior decompression surgery, and recommended that Mr. Messer undergo a cervical MRI.

Mr. Messer underwent an MRI of his cervical spine at St. Mary's Medical Center on March 18, 2016. The MRI revealed multilevel degenerative changes with bilateral foraminal stenosis, most severe on the left at the C5-C6 level. On April 18, 2016, Mr. Messer attended a follow-up examination with Dr. Alberico. Dr. Alberico reviewed the March 18, 2016, MRI, which revealed degenerative disc disease at multiple levels with disc bulging at C3-C4, C4-C5, C5-C6, and C6-C7. At C5-C6, the disc appeared to be ossified suggesting a longer pre-existing condition. Dr. Alberico compared the March 18, 2016, MRI with the MRI dated September 22, 2015, and assessed Mr. Messer as having severe lumbar spinal stenosis and cervical disc disease at multiple levels, most pronounced at C5-C6 on the left, to a less degree at C6-C7 and L3-L4. Dr. Alberico felt that Mr. Messer could benefit from decompression at L4-L5 with extension, lateral recess, and possibly placement of an interspinous device such as the coflex. In addressing the relationship to the injury, Dr. Alberico stated that Mr. Messer maintains that he never had any symptoms whatsoever prior to his two accidents. Given the circumstances, Dr. Alberico concluded that one would have to assume that he exacerbated a pre-existing condition.

On April 19, 2016, the claims administrator suspended temporary total disability benefits in the claim on the basis that "medical evidence has been received from your treating physician on April 18, 2016, indicating that you have reached maximum medical improvement from your

2

injury effective April 18, 2016." By Order dated April 29, 2016, the request for decompression of L4-L5 was denied, as the requested treatment is not medically appropriate or recommended to treat the compensable conditions related to the above work injury. By Order dated May 18, 2016, the claims administrator closed the claim for temporary total disability benefits.

On August 23, 2016, Mr. Messer attended an examination with Matthew Werthammer, M.D., who noted that he previously examined Mr. Messer in relation to his prior injury. Dr. Werthammer reviewed the MRI records and assessed Mr. Messer with lumbar spondylosis, most severe at L4-L5 where he has moderate to severe stenosis. Dr. Werthammer discussed surgical options with Mr. Messer.

On September 2, 2016, Mr. Messer underwent bilateral decompressive laminectomies, inferior L4 and superior L5, with bilateral foraminotomies at each level, performed by Dr. Werthammer. The pre-operative and post-operative diagnosis was severe L4-L5 stenosis with neurogenic claudication. The indication listed for the operation was a 55-year old male who presented with a longstanding history of chronic back pain with worsening bilateral leg pain with associated weakness and numbness.

Dr. Francis submitted a Diagnosis Update form on September 21, 2016. Dr. Francis requested that low back pain, lumbar spinal stenosis, spondylosis of the lumbar spine, and neck pain be added to the claim as compensable components. The record contains reports from Dr. Francis dated May 8, 2015, through November 6, 2015. The claims administrator denied the request on October 19, 2016, and stated that the requested conditions pre-existed the compensable injury in the claim. The claims administrator also stated that the requested diagnoses are not causally related to the compensable injury. Mr. Messer filed a protest with the Office of Judges.

On April 13, 2017, the Office of Judges issued a Final Decision affirming the claims administrator Order dated October 19, 2016, which denied Mr. Messer's request to add low back pain, lumbar spinal stenosis, spondylosis of the lumbar spine, and neck pain as compensable components. The Office of Judges determined that the conditions and symptoms of low back pain, lumbar spinal stenosis, and lumbar spondylosis pre-existed and continued through the January 6, 2015, injury. The Office of Judges reasoned that Mr. Messer sustained a prior injury to his back in April of 2015, which resulted in him being treated for the condition through December 30, 2015. So, prior to the January 5, 2016, injury, Mr. Messer was diagnosed with low back pain, lumbar spinal stenosis, and lumbar spondylosis. An MRI dated September 22, 2015, revealed lumbar spondylosis, lumbar stenosis, bulging disc at L3-L4, and degenerative disease at L3-L4 and L5-S1. The Office of Judges concluded that the claims administrator was correct in denying the request to add additional components to the current claim.

In its Final Decision, the Office of Judges also affirmed the May 18, 2016, Order of the claims administrator, which closed the claim for temporary total disability benefits. The Office of Judges found that there is no medical opinion of record detailing that Mr. Messer cannot return to work or has not reached his maximum medical improvement due to his compensable sprains/strains. Instead, the Office of Judges reasoned that his multiple pre-existing conditions

and non-compensable conditions are more likely than not the reason he has not been able to return to work. Mr. Messer's treating physician, Dr. Alberico, concluded that although Mr. Messer continues to experience symptoms related to his pre-existing degenerative conditions, his upper, mid, and low back sprain/strain injuries had resolved. The Office of Judges found that the evidence does not support additional temporary total disability benefits for the compensable components of this claim.

On August 23, 2017, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the April 13, 2017, decision. We agree with the conclusions of the Board of Review. Mr. Messer has multiple pre-existing conditions and non-compensable conditions. The Office of Judges and Board of Review were correct to recognize that Mr. Messer's conditions and symptoms of lumbar spondylosis, lumbar spine stenosis, and low back pain pre-existed the compensable injury, and that Mr. Messer's current symptoms are a continuation of his non-compensable conditions and injuries from his 2015 claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum